## GARLINGTON *v.* COPELAND.

1. An interlocutory order of injunction, made "without prejudice," restraining the defendant from enforcing his judgment against the plaintiff, until a decision is reached upon the merits, is not appealable.
2. An exception in the words, "Because his honor erred in making said order, which is contrary to law," is too general to be considered.

Before COTHRAN, J., Laurens, February, 1885.

The opinion states the case.

*Messrs. Haskell & Dial,* for appellant.

*Mr. John W. Ferguson,* contra.

April 23, 1886.   The opinion of the court was delivered by

MR. JUSTICE McIVER.   The defendant herein having recovered a judgment against Geo. F. Young, one of the plaintiffs herein, which was entered up on August 30, 1884, and having under said judgment levied on the property of the plaintiff, Young, and being about to sell the same, this action was commenced (exactly when does not appear, though we presume on or about the 10th day of November, 1884, as the complaint was sworn to on that day), amongst other things for the purpose of obtaining from the defendant an account for the rents and profits of certain land in his possession, claimed to be the property of the plaintiffs, and a judgment for the sum which may be found due upon such accounting, and also for the purpose of enjoining the sale of the plaintiff, Young's, property under the judgment obtained against him by the defendant, Copeland.   On hearing the verified complaint, Judge Pressley granted an order requiring the defendant, Copeland, to show cause why the injunction asked for in the complaint should not be granted, and restraining the defendant, in the meantime, from enforcing his judgment against the plaintiff, Young.

The rule to show cause was heard by Judge Cothran upon the pleadings and affidavits submitted, who granted an order, "that, without prejudice, the restraining order heretofore granted in this case be continued of force until a decision is made upon the merits, provided the plaintiffs enter into bond," &c.   Amongst the affidavits submitted was one made by N. J. Holmes, Esq., one of the firm of Holmes & Simpson, stating that the said Geo. P. Copeland, on the 16th day of October, 1884, executed and delivered to the said firm of Holmes & Simpson a paper, of which they still retain the possession, in the following words:  "I hereby authorize Messrs. Holmes & Simpson to collect the funds due me from George F. Young on judgment I have against him, and also the

amount due me on the note against Hasting Dial's estate by R. P. Todd, and apply the same to the oldest judgment against me, and I hereby assign the same to them for that purpose." Judge Cothran gave as his reasons for continuing the restraining order until the determination of the case on its merits the following: "1. It is apparent that the defendant herein is greatly embarrassed, if, indeed, he is not insolvent. 2. Improvident action on my part would, in one event at least, seriously affect the rights and interests of the plaintiffs. 3. The matters involved are important and very complicated, and it is hazardous to determine such on the perfunctory proceeding by motion. 4. No injury to the defendant, other than such as may result from delay, can occur to him, which is not comparable to that which the plaintiffs may sustain if their claim is found to be meritorious; that would be irreparable, the other may be amply provided against by bond and security."

The defendant gave notice of appeal from the order of Judge Cothran solely upon the ground: "Because his honor erred in making said order, which is contrary to law," no exceptions having been served designating wherein the order is erroneous or contrary to law.

The respondents' counsel contends in the outset, 1st. That the order is not appealable. 2d. If it is, then the ground of appeal is too general, and cannot, therefore, be considered. We will consider these points in their order. The code, in section 11, specifies the cases in which this court may review the action of the Circuit Court, or a judge thereof. It is very manifest that the order appealed from here does not fall under either subdivision 2 or 3 of that section, for even granting that the order does affect a substantial right, that is not sufficient. For the order to be appealable, it must not only affect a substantial right, but it must also in effect determine the action and prevent a judgment from which an appeal could be taken, the language being, "An order affecting a substantial right made in an action when such order, in effect, determines the action, and prevents a judgment from which an appeal might be taken," &c. Now, it is quite clear that the order from which this appeal was taken does not, in effect, deter-

mine the action or prevent a judgment from which an appeal might be taken.

So that if appealable at all, it must come under subdivision 1 of that section of the code, which, so far as this question is concerned, reads as follows: "Any intermediate judgment, order, or decree involving the merits * * * and final judgments." It certainly is not a final judgment, and therefore the only question is whether it is an intermediate order involving the merits. While the order in question undoubtedly is an intermediate order, we do not think that it involves the merits of the action in which it was made, and, therefore, it is not appealable. The order is nothing more in effect than an interlocutory injunction, made solely for the purpose of keeping the subject of the action *in statu quo* until the merits of the action can be considered and determined. It determines none of the rights of the parties to the action, but simply prevents any interference with the subject of the action until those rights can be considered and adjudicated. It does not even purport to pass upon any right claimed by either party to the action. and, on the contrary, in express terms it declares that it is granted "without prejudice," which we understand to mean that it is not to be regarded as even indicating what those rights may be, and it is to continue in force only "until a decision is made upon the merits." It will then have performed its office, and any order or judgment that may then be made or rendered will depend entirely upon the conclusion that may be reached by the court, after a consideration of the merits, wholly uninfluenced by the interlocutory order from which this appeal was taken.

Under this view of the case, the other questions which have been argued cannot arise, and need not be considered. But we may add that the appellant's single ground of appeal is too general in its terms, as has frequently been held by this court. There are no exceptions indicating any specific error in any conclusion of fact or law reached by the Circuit Judge; nothing but a general allegation that the order appealed from is "contrary to law," without designating in what respect it is contrary to law, which has always been held insufficient.

We desire to add, also, that we are not to be understood as

endorsing the propriety of the order appealed from, or as indicating any opinion as to the merit of the application for the interlocutory injunction. Whether the paper executed by the defendant, Copeland, to Messrs. Holmes & Simpson operates as an assignment of the judgment, which the order appealed from prohibits Copeland from enforcing, and whether the order of injunction can have the effect of restraining them, as assignees, from enforcing the judgment, inasmuch as they are not parties to this action, are questions which are not before us, and cannot and ought not to be considered in a case to which they are not parties. And whether any order of injunction should have been made until these gentlemen were made parties, is a matter which we are not at liberty to consider.

The judgment of this court is, that the appeal be dismissed for want of jurisdiction in this court to consider the same.